**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
NICHOLAS F. PSYK
Nevada Bar No. 15983
Email(s):  ghayes@tysonmendes.com
            npsyk@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant Sam's West, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA WILCOX, and individual, | Case No.: 2:24-cv-01054-CDS-MDC |
| Plaintiff, | |
| v. | **DISCOVERY PLAN AND SCHEDULING ORDER** |
| SAM'S WEST, INC, a Foreign Corporation; DOE EMPLOYEES OF SAM'S WEST, INC, DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | (LR 26-1(a)) |

Plaintiff DONNA WILCOX ("Plaintiff") and Defendant SAM'S WEST, INC. ("Defendant") by and through their respective counsel of record, held a telephonic conference on July 5, 2024, and by and through their respective counsel of record, file this, their Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1. The parties respectfully request a Special Scheduling Review. Plaintiff is alleging past medical expenses of at least $335,901.55 and is pending receipt of additional records/bills. Defendant will require additional time to independently obtain plaintiff's medical records for treatment of any potential pre-existing conditions/injuries that may have a bearing on the case. There are also numerous treating physicians who have treated Plaintiff that may need to be deposed. Liability is also contesetd in this case, and as such, the parties anticipate retaining liability experts to provide expert opinions and to potentially conduct one or more site inspections. The parties also anticipate retaining one or more medical experts. Additional time will be required to ensure all the necessary

experts are provided with sufficient information to form their opinions, and for the parties to depose said experts.

The parties anticipate initial discovery will consist of written discovery requests exchanged between the parties, which will require a minimum of 30 days to receive responses. Concurrently with the service of written discovery, Defendant anticipates it will subpoena Plaintiff's identified medical providers to independently obtain Plaintiff's medical records from before the subject incident to evaluate potential relevant pre-existing injuries/conditions. Defendant anticipates it could take 30 days or more to receive responses to these subpoenas. Upon receipt of written discovery responses, the parties anticipate they will proceed with taking each party's deposition, which will likely require 14 to 30 days or more to schedule depending on the parties' availability. The parties also anticipate mulitple depositions of percipient fact witnesses will be taken, including depositions of Defendant's employees with relevant information, as well as third-party witnesses to the subject incident.

Following Plaintiff's deposition, Defendant anticipates retaining one or more medical experts to opine on Plaintiff's treatment following the subject incident, as well as whether Plaintiff requires any future treatment. Given the amount of damages being alleged by Plaintiff in this case, Defendant anticipates a FRCP Rule 35 examination will be necessary, which Defendant anticipates will take 30 to 60 days to set depending on Plaintiff's and Defendant's expert's availability. Defendant anticipates an additional 30 days will be required following the examination for Defendant's medical expert to prepare an initial report. Concurrently, the parties anticipate that, after initial discovery has been conducted, a site inspection of the subject premises will be conducted by one or more liability experts. The parties will then need to coordinate depositions of their respective retained experts, and Defendant anticipates it will take one or more depositions of Plaintiff's treating physicians. In addition, although the parties intend to diligently pursue discovery in this case, the parties realistically anticipate that, given the multitude of individuals anticipated to be involved in discovery, scheduling/availability issues will arise resulting in unexpected delays. The parties anticipate these issues will be further exacerbated by the upcoming holiday season.

Given the above, the parties agree that more time than 180 days is necessary to complete discovery in this case. The parties are requesting a discovery cut-off date of 225 days from the date Defendant filed its answer to Plaintiff's complaint. All other proposed scheduling order dates are based on this court approving the 225 day time period to complete discovery.

**PROPOSED SCHEDULE**

**I.  FED. R. CIV. P. 26(a) INITIAL DISCLOSURE**

Parties have agreed to exchange initial disclosures no later than **July 19, 2024**, which is 14 days after the Rule 26 Conference was held. The parties expressly agree any document productions shall be bates-stamped with the parties' respective identifying bates system. Other than this, no changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

**II.  ESTIMATE OF TIME REQUIRED FOR DISCOVERY**

**A.  DISCOVERY CUT-OFF DATE**

Discovery will take 225 days from May 23, 2024, which is the date Defendant filed its Answer to Plaintiff's Complaint, the first responsive pleading. Accordingly, all discovery must be completed no later than **January 3, 2025**. The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases.

**B.  AMENDING THE PLEADINGS AND ADDING PARTIES**

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than **October 7, 2024** (Note: 90 days prior to January 3, 2025 falls on a Saturday, as such, the proposed date was moved to the following Monday).

**C.  FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)**

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than **November 4, 2024** and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than **December 4, 2024**.

///

### D. DISPOSITIVE MOTIONS

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore not later than **February 3, 2025** (Note: 30 days after January 3, 2025 falls on a Sunday, as such, the proposed date was moved to the following Monday).

### E. PRETRIAL ORDER

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than **March 5, 2025**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

### F. ALTERNATIVE DISPUTE RESOLUTION

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

### G. ALTERNATIVE FORMS OF CASE DISPOSITION

The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.

### H. ELECTRONIC EVIDENCE

#### 1. Electronically Stored Information and Electronic Service of Discovery

The parties have discussed the retention and production of electronic data. The parties consent to electronic service of any and all discovery documents. Said service shall be deemed completed by sending an email with the related discovery document(s) to all service addresses for counsel and counsel's staff on record with the court for the above-captioned matter at the time of service. The parties further agree, when serving by email, if any error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient(s) of the message and serve the pleading or other papers by other authorized means. This consent does not preclude counsel from serving discovery

documents by mail in accordance with Fed. R. Civ. 5(b), including service of electronic files copied to compact disc or similar storage media. Whether served by e-mail or by mail, three additional days shall be added to the timeline within which to respond, as provided for in Fed. R. Civ. P. 6(d). To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The parties reserve the right to revisit this issue if a dispute or need arises.

### 2. Electronic Evidence Conference Certification

The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties discussed the presentation of evidence for juror deliberations, but did not reach any stipulations as to that method at this early stage.

### III. EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

### IV. PROTECTION OF PRIVILEGED/TRIAL PREPARATION MATERIAL

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material.

///

///

If the receiving party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

DATED this 22nd day of July 2024

TYSON & MENDES LLP

/s/ *Griffith H. Hayes*

GRIFFITH H. HAYES
Nevada Bar No. 7374
NICHOLAS F. PSYK
Nevada Bar No. 15983
2835 St. Rose Parkway, Suite 140
Henderson, NV 89052
*Attorneys for Defendant Sam's West, Inc.*

DATED this 22nd day of July 2024

HICKS & BRASIER, PLLC

/s/ *Betsy Jefferis Aguliar*

BETSY JEFFERIS AGUILAR, ESQ.
Nevada Bar No. 12980
2630 S. Jones Blvd.
Las Vegas, NV 89146
*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE

DATED: 7-25-24